OPINION
 

 GOODMAN, Presiding Judge.
 

 This appeal has been assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A)(1)(b), 12 O.S.Supp.1994, ch. 15, app. 2, from the trial court’s order, filed February 16, 1995, which granted defendant Oklahoma Farm Bureau’s (OFB) motion for rehearing and motion for summary judgment. We must determine whether the trial court abused its discretion in so doing.
 
 White v. Wynn,
 
 708 P.2d 1126 (Okla.1985).
 

 I
 

 Facts
 

 Roger and Tamara Boyer (Boyers) were injured in a car accident on September 17,
 
 *85
 
 1988. On that date, the tort-feasor had an insurance policy in effect which afforded liability coverage to the Boyers in excess of $290,000. At no time did the Boyers’ claims for damages ever exceed that amount.
 
 [1]
 
 However, the two-year statute of limitations expired against the tort-feasor without suit being filed. In July 1991, more than two years following the accident,
 
 [2]
 
 the Boyers made demand on their insurer, OFB, for payment under an uninsured/underinsured motorist (UM/UIM) policy in effect on the date of the accident. This claim was apparently denied by OFB, and on March 4, 1992, the Boyers timely filed a petition against OFB seeking UM/UIM benefits in the amount of $31,536.14.
 

 On March 23, 1993, OFB filed a motion for summary judgment, pursuant to District Court Rule 13,12 O.S.1991, ch. 2. app., claiming the Boyers were estopped from collecting UM/UIM benefits. OFB raised a single issue of law: the Boyers were not injured by an “uninsured motor vehicle” as that term is defined by 36 O.S.1981 § 3636(C), and therefore they are not entitled to UM/UIM benefits. OFB argued that the statutory definition of an uninsured motor vehicle required the Boyers to prove that
 
 on the date of the accident
 
 “the liability limits [of the tort-fea-sor] are less than the amount of the [plaintiffs’] claim.” § 3636(C). Obviously, the Boyers’ claim of $31,536.14 did not exceed the $290,000 liability coverage available on the date of the accident, and so, OFB concluded, UM/UIM benefits under the policy were not available to the Boyers as a matter of law because the tort-feasor was not an uninsured motorist.
 

 The trial court denied the motion May 7,1993. OFB filed a motion for rehearing which the trial court granted, and entered summary judgment against the Boyers, in favor of OFB.
 
 [3]
 
 The trial court’s order states in pertinent part:
 

 7. That plaintiffs cannot meet their burden of proof, pursuant to 36 O.S. § 3636, i.e., that their claims exceeded the liability limits of the tortfeasor [sic] Carlton.
 

 The Boyers appeal.
 

 II
 

 Issue
 

 A. Title 36 O.S.1981 § 3636
 

 The single issue raised is whether the trial court misapplied the law to the facts in this case, and improperly granted summary judgment in favor of OFB. We conclude no error of law was made, and affirm the trial court’s order.
 

 We begin our analysis with a review of the statutory provisions at issue. Title 36 O.S. 1981 § 3636(B)
 
 [4]
 
 reads:
 

 The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are
 
 legally entitled to recover
 
 damages from owners or operators of
 
 uninsured
 
 motor vehicles.... (Emphasis ours.)
 

 The term “uninsured motor vehicle” also includes
 
 underinsured
 
 motor vehicles, as stated in 36 O.S.1981 § 3636(C):
 

 
 *86
 
 For the purposes of this coverage the term “uninsured motor vehicle” shall also include an
 
 insured motor vehicle, the liability limits of which are less than the amount of the claim of the person or persons making such claim,
 
 regardless of the amount of coverage of either of the parties in relation to each other. (Emphasis ours.)
 

 As we read subsections (B) and (C) together, we find the statute clearly contemplates that the contractual obligation of the UM/UIM carrier to pay under its policy arises only when its policy holder is
 
 legally entitled to recover
 
 damages from the owner or operator of an
 
 uninsured
 
 motor vehicle or of an insured motor vehicle, the liability limits of which are less than the amount of the claim of the UM/UIM carrier’s policy holder. Thus, before an insured can proceed in an action to recover UM/UIM benefits under the contract, he must prove the existence of two simultaneous conditions precedent: 1) that he has a legal right to recover against the tort-feasor, and 2) that his claim exceeds the available liability coverage of the tort-feasor.
 
 [5]
 
 These conditions precedent must
 
 both
 
 be present
 
 at the same time
 
 in order to obtain UM/UIM coverage.
 

 B. Uptegraft Distinguished
 

 The Boyers claim
 
 Uptegraft v. Home Insurance Co.,
 
 662 P.2d 681 (Okla.1983) is dis-positive. We disagree.
 
 Uptegraft
 
 dealt with a
 
 completely uninsured
 
 tort-feasor. At no time during the two years following the date of the accident did the
 
 Uptegraft
 
 plaintiff ever have adequate liability coverage available to him. At all times his claim exceeded the available coverage. In addition, the plaintiff was at ’all times legally entitled to recover against the tort-feasor. The plaintiff thus proved both conditions precedent prior to submitting his claim to the UM/UIM carrier.
 
 Uptegraft
 
 recognized that the plaintiff always had a right of recovery against the tort-feasor from the date of the accident, but dispensed with the requirement that the plaintiff must first pursue an action against a judgment-proof tort-feasor as a predicate to pursuing an action directly against his UM/ UIM carrier.
 
 Uptegraft
 
 did not
 
 create
 
 a new cause of action against the UM/UIM carrier when the statute of limitations in tort expired. It merely recognized an
 
 already existing
 
 contractual right and allowed the cause of action sounding in contract to outlive the tort action.
 

 Contrary to the broad construction urged by the Boyers,
 
 Uptegraft
 
 does not give them a choice between pursuing the adequately insured and solvent tort-feasor or a solvent UM/UIM carrier. We note that although
 
 Keel v. MFA Insurance Company,
 
 553 P.2d 153, 158 (Okla.1976), recognizes an injured party’s right to proceed against his insurer without joining the tort-feasor,
 
 Keel
 
 is likewise premised on the fact that the tort-feasor meets the statutory definition of an uninsured or underinsured motorist. Without proof that the Boyers had a right to proceed against the UM/UIM carrier as of the date of accident, the Boyers may not make a
 
 Keel-election
 
 between defendants.
 

 C. Other Cases Distinguishable
 

 We further distinguish the instant case from those dealing with the relationship between UM/UIM coverage and statutory remedies such as the Workers Compensation Act, 85 O.S.1991 and Supp.1994 §§ 1 through 211,
 
 see, e.g., Barfield v. Barfield,
 
 742 P.2d 1107 (Okla.1987);
 
 Torres v. Kansas City Fire and Marine Insurance Co.,
 
 849 P.2d 407 (Okla.1993), or the Governmental Tort Claims Act, 51 O.S.1991 and Supp.1994 §§ 151 through 172,
 
 see, e.g., Karlson v. City of Oklahoma City,
 
 711 P.2d 72 (Okla.1985). In those situations, UM/UIM coverage is available because the plaintiff can prove the simultaneous existence of the two predicates to UM/UIM coverage,
 
 i.e.,
 
 that (1) he is legally entitled to recover against the tort-feasor, and (2) his damages exceed the amount of coverage available to him. The fact that his legal cause of action may be governed by a statutory act rather than traditional tort law is irrelevant. We find nothing in the language of 12 O.S.1981 § 3636, or its current form, that requires a plaintiffs legal rights to be grounded only in tort.
 

 
 *87
 

 Roberts v. Mid-Continent Casualty Co.,
 
 790 P.2d 1121 (Okla.Ct.App.1989), is likewise distinguishable.
 
 Roberts
 
 allowed an injured plaintiff to proceed directly against the UW UIM carrier without first exhausting the liability coverage of the
 
 underinsured
 
 tort-fea-sor. The case at bar differs in that the
 
 Roberts
 
 tort-feasor was a statutorily defined uninsured motorist,
 
 ie.,
 
 the liability limits of the tort-feasor were less than the anticipated claim of the injured plaintiff. The case at bar involves a tort-feasor whose liability coverage clearly exceeded the damages sought by the Boyers.
 

 Buzzard v. Farmers Insurance Co.,
 
 824 P.2d 1105 (Okla.1991), simply dealt with the obligation of the UM/UIM carrier to carry out an independent investigation of a claim and, in the event there is a reasonable expectation of exposure under the UM/UIM policy, to pay UM/UIM benefits even before the insured recovers against a negligent,
 
 under-insured
 
 tort-feasor. Here, of course, OFB had no reasonable expectation that the tort-feasor’s liability limits would be exhausted and thus has no
 
 Buzzard
 
 duty to pay UM/ UIM benefits.
 

 D. Application to this case
 

 Applying the law to the facts in this case, we hold the Boyers failed to prove the
 
 simultaneous
 
 existence of both conditions precedent when they submitted their claims to OFB. Because the terms of the UM/UIM contract were not met, OFB was not required to honor the claims.
 

 Our analysis reveals that during the two years between the date of the accident and the running of the statute of limitations on the tort claim, the Boyers could have proven they had a legal right to recover against the tort-feasor. Thus, the first condition precedent had been met.
 

 However, it is undisputed that during the two years between the date of the accident and the running of the statute of limitations on the tort claim, the Boyers could not have proven that the tort-feasor was either uninsured or underinsured to a degree that would allow them to show that their claims exceeded the amount of liability coverage available to them. The Boyers thus failed to prove the second condition precedent, and are thus unable to pursue a claim against the OFB.
 

 We note that under this analysis, the Boy-ers would have been unable to obtain UM/ UIM benefits, even if they had timely sued the tort-feasor. OFB would not have been required to pay UM/UIM benefits before the tort claim was resolved, as required in
 
 Buzzard v. Farmers Insurance Co., supra,
 
 because it is clear the tort-feasor’s liability coverage clearly exceeded the Boyers’ claims. On the other hand, the Boyers’ analysis would have the effect of creating a cause of action against OFB on the UM/UIM contract after the passing of the statute of limitations. The Boyers thus attempt to create a cause of action more than two years
 
 after
 
 the accident, when that cause of action did not exist
 
 prior
 
 to the expiration of the statute of limitations. We do not construe the running of the statute of limitations to create a right that did not exist on the date of the accident.
 

 We finally note the Boyers could meet one or the other of the two conditions precedent, but not both at the same time. The moment the statute of limitations against the tort-feasor expired, the Boyers could prove their claims exceeded the coverage available to them. Unfortunately, at that same moment they lost the legal right to proceed against the tort-feasor. Under these facts, the Boy-ers are unable to prove they are entitled to UM/UIM coverage.
 

 Conclusion
 

 We hold therefore that the Boyers were unable to prove that the tort-feasor was either uninsured or underinsured
 
 at the time of the accident,
 
 and therefore failed to prove that their claims exceeded the amount of liability coverage available to them. While the Boyers have shown that they had a legal right to recover against the tort-feasor on the date of the accident, that alone is insufficient to entitle them UM/UIM coverage. During the two years the Boyers’ tort claim was viable they would have been unable to prove that they were entitled to UM/UIM benefits. The running of the statute of limitations did not create a right that did not exist on the date of the accident. Under
 
 *88
 
 these facts, the Boyers failed to meet the conditions precedent necessary to activate UM/UIM coverage under the contract of insurance, and are thus unable to prove they are entitled to UM/UIM coverage.
 

 AFFIRMED.
 

 STUBBLEFIELD, J., and REIF, J. (sitting by designation), concur.
 

 [1]
 

 . It was finally determined that the Boyers’ claims for bodily injury never exceeded $31,-536.14.
 

 [2]
 

 . Title 12 O.S.1991 § 95 (Third) grants an injured party two years from accrual of his cause of action to pursue an action for injury to the rights of another, not arising on contract.
 

 [3]
 

 . Oklahoma County District Court Judge Richard Freeman denied OFB’s motion for summary judgment. Documents filed by the Boyers suggest District Court Judge Bryan Dixon presided over OFB’s motion for rehearing, and granted OFB’s motion for summary judgment. District Court Judge Carolyn Ricks signed the final order which is the subject of this appeal. The parties’ attention is directed to the following authorities which we interpret to mean the preferred practice is the judge hearing the case should sign the order granting judgment.
 
 See
 
 12 O.S.Supp.1994 §§ 696.2(A); 696.3(A)(3);
 
 Manning v. State ex rel. Dept. of Public Safety,
 
 876 P.2d 667 (Okla.1994).
 
 Manning
 
 speaks to the trial judge's "long-standing prerogative to memorialize and sign the judgment.”
 
 Manning,
 
 876 P.2d at 673.
 

 [4]
 

 . We have compared the portion of 36 O.S.1981 § 3636(B), set out above with its current version, 36 O.S.Supp.1994 § 3636(B), and find them identical.
 

 [5]
 

 . The duty to prove the negligent driver was uninsured is upon the insured plaintiff seeking UM/UIM benefits.
 
 Brown v. United Services Auto Assn,
 
 684 P.2d 1195 (Okla.1984).