F I L E D
United States Court of Appeals
Tenth Circuit

JAN 7 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CRAIG J. KLINE; SUSAN M.
KLINE,

Plaintiffs-Appellants,

v.

THE TRAVELERS INSURANCE
COMPANY (Phoenix Ins. Co.),

Defendant-Appellee.

No. 97-6147
(D.C. No. 96-CV-1112-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **PORFILIO** and **LUCERO**, Circuit Judges, and **MARTEN**,[**] District Judge.

Plaintiffs-appellants Craig and Susan Kline appeal the district court's grant

of summary judgment on their claims against defendant The Travelers Insurance

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Company (Travelers).[1]  Because plaintiffs have failed to demonstrate a genuine issue of material fact and Travelers is entitled to judgment as a matter of law, we affirm.

In June 1991, plaintiffs were injured in an automobile accident in Oklahoma, when their vehicle was struck from behind by another vehicle.  The tortfeasor's liability coverage, provided by State Farm Insurance Companies, was limited to the sum of $100,000 per injury, with a total limit of $300,000 per accident.  Plaintiffs failed to bring an action against the tortfeasor within the two-year statute of limitations for personal injury actions.

Almost three years after the accident, plaintiffs visited their local Travelers office and informed insurance adjuster Hildenbrand that they each intended to make a claim for underinsured motorist benefits.  Plaintiffs allege that Hildenbrand orally promised to pay each of them $100,000 on their claims.  Travelers and Hildenbrand deny that any such promise was made.  Travelers subsequently evaluated plaintiffs' claims and determined that their claims did not exceed the liability coverage of the tortfeasor.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Travelers denied plaintiffs' claims, and plaintiffs brought an action against it, their insurance agent, and his employing agency, alleging breach of contract, bad faith, and deceptive business practices. The action was filed initially in an Oklahoma state court, but was removed on diversity grounds to the federal district court. The district court first dismissed plaintiffs' claims against their insurance agent and his employing agency, for failure to state a claim. Plaintiffs have not appealed this dismissal. The district court then granted summary judgment in favor of Travelers on the following grounds: (1) plaintiffs failed to present evidence that their claims exceeded the tortfeasor's coverage of $100,000 per injury; (2) plaintiffs' claims were barred because they failed to present them to Travelers within the two-year statute of limitations for personal injury actions; (3) plaintiffs' claim that Travelers orally promised to pay their claims was barred by the statute of frauds; and (4) based on the above findings, there was no evidence of bad faith.

On appeal, plaintiffs argue that the case was improperly removed to federal court; that counsel should have been appointed to represent them; and that summary judgment should not have been granted because this is a contract action with a five-year statute of limitations and they were not afforded an opportunity to present evidence in support of their claims.

We examine first plaintiffs' jurisdictional argument that removal of the case was improper because there was no diversity between the parties. A finding of diversity jurisdiction is a mixed question which is primarily factual, requiring review under the clearly erroneous standard. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 (10th Cir. 1994). The district court denied plaintiffs' remand motion on the ground that when the action was filed, plaintiffs were citizens of Missouri and defendants were citizens of Oklahoma and Connecticut. Plaintiffs' argument that diversity should be determined as of the time the accident occurred is incorrect. Diversity is determined at the time the action is filed. See, e.g., Leavitt v. Scott, 338 F.2d 749, 751 (10th Cir. 1964) (holding diversity determined when action commenced, despite lack of diversity when accident occurred).

We next examine whether the district court abused its discretion in denying plaintiffs' motion for appointment of counsel. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). A court's decision denying appointed counsel will be overturned "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." McCarthy v. Weinberg, 753 F.2d 836, 839 (10th Cir. 1985). In considering such a motion, the district court should consider the merits of the litigation, the factual issues raised, the litigants' ability to present their claims, and the complexity of the legal issues involved. See Rucks,

57 F.3d at 979. Here, when plaintiffs requested counsel, the record did not demonstrate a meritorious claim. See McCarthy, 753 F.2d at 838 (noting applicant has burden of showing meritorious claim, based on state of record when request made). As the facts were not complicated, plaintiffs had the ability to investigate and present their claims without counsel. The district court did not abuse its discretion in denying this motion.

We review summary judgment rulings de novo, applying the same standard as the district court. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When a moving party makes a properly supported summary judgment motion, the nonmoving party has the burden of showing a genuine issue for trial, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

In responding to Travelers' properly supported summary judgment motion, plaintiffs failed to submit any evidence that their claims exceeded the tortfeasor's liability limits. Although plaintiffs' pro se pleadings are to be construed liberally, their pro se status does not excuse their obligation to comply with the rules of

procedure.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Summary judgment in favor of Travelers was proper.

Plaintiffs are correct that the statute of limitations on their breach of contract action is five years.  Consequently, if they had been able to show damages exceeding the tortfeasor's coverage, they would have been entitled to seek underinsured motorist benefits from Travelers despite the running of the two-year statute of limitations for personal injury.  See Uptegraft v. Home Ins. Co., 662 P.2d 681, 684-85 (Okla. 1983).  Plaintiffs could not show damages in excess of the tortfeasor's coverage, however, so Travelers had no contractual obligation to pay underinsured motorist benefits.  See Boyer v. Oklahoma Farm Bureau Mut. Ins. Co., 902 P.2d 83, 86-87 (Okla. Ct. App. 1995) (holding insurance contract does not obligate payment of underinsured motorist benefits unless two simultaneous conditions are met:  a legal right to proceed against the tortfeasor, and a claim exceeding the tortfeasor's available liability coverage).

Finally, Travelers was entitled to judgment as a matter of law on plaintiffs' claim that Travelers orally promised to pay them $100,000 apiece, to compensate them for damages caused either by the tortfeasor or by the attorney who allegedly promised to file suit against State Farm.  Under Oklahoma law, a promise to answer for the debt of another is invalid if not in writing and signed by the party to be charged.  See Okla. Stat. tit. 15, § 136(2) (1996).

The judgment is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge