2010 OK CIV APP 8

**Jasmine PORTER, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellee.**

No. 106,673.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 2, 2009.

Certiorari Denied Jan. 19, 2010.

Charles Gregory Smart, Tye H. Smith, Carr & Carr, Oklahoma City, OK, for Plaintiff/Appellant.

David D. Wilson, Wilson, Cain & Acquaviva, Tulsa, OK, for Defendant/Appellee.

BAY MITCHELL, Chief Judge.

¶ 1 In this action for uninsured/underinsured motor vehicle insurance benefits, Plaintiff/Appellant Jasmine Porter (Plaintiff) appeals the trial court's award of summary judgment to Defendant/Appellee State Farm Mutual Automobile Insurance Company (State Farm). Because State Farm was the automobile insurance carrier for both Plaintiff and the tortfeasor, Plaintiff insists she is entitled to uninsured/underinsured motorist (UM) benefits despite having settled with the tortfeasor for an amount less than the liability limits of tortfeasor's policy. Plaintiff further argues the settlement agreement did not conclusively establish the full value of her claim, which she maintains is for the jury to decide. Because Plaintiff settled with the tortfeasor for less than the liability-policy limits and discharged the tortfeasor from further liability when she executed the settlement agreement, she cannot prove the conditions precedent to recovery of UM benefits under 36 O.S. Supp.2004 § 3636(B). We affirm the order of the trial court.

¶ 2 Plaintiff was injured in an automobile accident November 8, 2006 in Piedmont, Oklahoma, while riding as a passenger in a car driven by her friend, Christina Patty (Driver). That Driver's negligence caused Plaintiff's injuries is undisputed. Following the accident, Plaintiff sought both liability benefits from State Farm under Driver's policy and UM benefits from State Farm under her own policy. The liability limit of Driver's policy was $100,000. Through State Farm, Driver offered to settle Plaintiff's claim for $85,000. State Farm advised Plaintiff by letter dated August 10, 2007, that accepting the proposed settlement under Driver's policy would foreclose Plaintiff's right to recover UM benefits under her own policy.

¶ 3 Plaintiff decided to accept Driver's settlement offer. She admits that on August 24, 2007, when she was eighteen years of age, she signed, in the presence of her attorney, a release of liability (Release) for the sole consideration of $85,000. Pursuant to the Release, Plaintiff forever discharged Driver and Driver's parents "from any an all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever and particularly on account of all injuries, known and unknown, both to person and property, whichever resulted or may in the future develop from" the automobile accident. Plaintiff admits she was aware the limit of the personal injury liability insurance applicable to her claim against Driver was $100,000 and that she was accepting only $85,000 of that limit in exchange for releasing and forever discharging Driver and her parents from any liability arising out of the accident.

¶4 Despite this, Plaintiff continued to pursue UM benefits under her own State Farm automobile insurance policy. After State Farm denied her UM claim, Plaintiff filed the present action January 15, 2008, alleging she was entitled to recover UM benefits for the bodily injuries she sustained in the automobile accident. By order dated October 24, 2008, the trial court granted State Farm's motion for summary judgment. Plaintiff then filed the present appeal.[1]

¶5 We review *de novo* the trial court's order granting summary judgment to State Farm. See *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶11, 160 P.3d 959, 963. A *de novo* review requires this Court to examine "the entire summary judgment record independently and without deference to a lower court" to determine whether the trial court erred in its application of the law. *Id.* Like the trial court, we review the pleadings and evidentiary materials to determine if a genuine issue of material fact is in dispute. See *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. In so doing, we consider the facts and all reasonable inferences arising therefrom in the light most favorable to the non-movant. *Id.* We will affirm summary judgment only if we determine there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See *Lowery*, ¶11, 160 P.3d at 963–64. We will reverse summary judgment if we conclude reasonable minds might reach different conclusions from the undisputed material facts. *Id.*

¶6 Title 36 O.S. Supp.2004 § 3636, which governs underinsured motor vehicle coverage, provides in part:

A. No policy insuring against loss resulting from liability imposed by law for bodily injury ... suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered ... in this state unless the policy includes the coverage described in subsection B of this section.

B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ... because of bodily injury ... resulting therefrom....*

C. .... For the purposes of this coverage the term "uninsured motor vehicle" shall also include an insured motor vehicle, *the liability limits of which are less than the amount of the claim of the person or persons making such claim....*

(Emphasis added). In other words, by law, UM benefits are available to an injured person who is entitled to an amount of damages greater than the liability limit of the tortfeasor's automobile insurance policy.

¶7 In *Boyer v. Oklahoma Farm Bureau Mut. Ins. Co.*, 1995 OK CIV APP 102, 902 P.2d 83, it is undisputed that the liability limits of tortfeasor's automobile insurance policy greatly exceeded the value of plaintiffs' damages. After allowing the statute of limitations to expire before filing a lawsuit against tortfeasor, plaintiffs made a demand for UM benefits under their own automobile insurance policy. Their insurance carrier denied the claim. Finding for the insurance company, another division of this Court held:

before an insured can proceed in an action to recover UM/UIM benefits under the contract, he must prove the existence of two simultaneous conditions precedent: 1) that he has a legal right to recover against the tortfeasor, and 2) that his claim exceeds the available liability coverage of the tortfeasor. These conditions precedent must *both* be present *at the same time* in order to obtain UM/UIM coverage.

*Id.*, ¶8, 902 P.2d at 86. When plaintiffs submitted their UM/UIM claims to the insurer, their legal right to recover against tortfeasor had expired by operation of the applicable statute of limitations. Thus, plaintiffs could not meet the first condition precedent. Moreover, at no time could they have met the second condition precedent by proving tortfeasor was underinsured, because the val-

1. The parties submit this appeal without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup. Ct. R. 1.36, 12 O.S. Supp.2003, Ch. 15, App.

ue of their claims did not exceed the limits of tortfeasor's liability coverage.

¶ 8 In the present case, Plaintiff cannot meet the first condition precedent because, by executing the release and discharge of liability in exchange for $85,000, she was no longer "legally entitled to recover damages from owners or operators of uninsured motor vehicles ... because of bodily injury" within the meaning of 36 O.S. Supp.2004 § 3636(B). Without citing legal authority, Plaintiff insists she meets the first condition precedent because the Release did not destroy State Farm's subrogation rights against Driver. In the alternative, and again without citation to authority, Plaintiff contends State Farm, as the automobile insurance carrier for both Plaintiff *and* Driver, cannot and would not pursue a subrogation claim against Driver, its own insured. Plaintiff further claims the Release was a "compromise settlement," not an admission her claim was worth less than $100,000, and insists it did not conclusively establish the value of her claim. Plaintiff's arguments are insufficient either to overcome or undo the legal effect of the Release. Upon signing that document, Plaintiff was no longer "legally entitled to recover damages from [Driver] ... because of bodily injury."

¶ 9 Nor can Plaintiff meet the second condition precedent. The act of accepting less than the liability-policy limits and releasing Driver from further liability establishes that the claim does not exceed the available liability coverage. In other words, Plaintiff cannot prove Driver was underinsured.

¶ 10 Plaintiff is not entitled to UM benefits from State Farm as a matter of law. We affirm the trial court's order granting summary judgment to State Farm.

¶ 11 AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.