**Gladys NICHOLSON, Appellee,**

**v.**

**Jack R. TACKER d/b/a Six Shooter Resort, Appellant.**

**No. 44997.**

Supreme Court of Oklahoma.

June 26, 1973.

Lloyd E. Cole, Jr., Stillwell, for appellee.

Eversole, Settle & Cook, Muskogee, for appellant.

SIMMS, Justice.

This is an action for damages sustained by plaintiff while patronizing the fishing dock of the defendant, located at Lake Tenkiller, Oklahoma. The facts show that on April 20, 1969, plaintiff was a business invitee of the defendant for the purpose of fishing from his fishing dock. The access to the dock consisted of an unattached wooden gangplank stretching from the shore to a wooden walkway which led to the dock. The fifty foot walkway consisted of nine adjoining sections. The sections were made up of wooden planks constructed upon barrels to keep the walkway afloat. On each side of the walkway were stalls for mooring boats.

Plaintiff was a sixty-four year old woman whose husband had passed away just prior to the trial. Four years prior to the accident the plaintiff had broken her right hip and now uses a forearm crutch to assist her in walking.

Plaintiff and her husband arrived at the fishing dock the day before the accident and had fished from the dock that evening. On the day of the accident the plaintiff had made three or four round trips across the walkway, coming to and from the dock.

The accident occurred when the plaintiff, while walking to the dock, came to where the first section joins with the second section. The plaintiff's evidence shows that as she stepped with her right

foot (her lame leg) near the point where the sections join, the first section dropped anywhere from three to six inches. When the plaintiff brought her left foot and the crutch on her left forearm up to complete the step, she caught the toe of her left foot on the edge of the second section. She stumbled forward a few steps and fell on her right knee, injuring it.

Plaintiff alleged that the defendant knew or should have known of the dangerous condition of his walkway. Defendant answered alleging that the plaintiff had been on his premises before, and that the danger, if any, was open and obvious and could have been avoided by the exercise of reasonable and ordinary care; and that the condition of the premises being well known to the plaintiff, she assumed the risk of such dangers, if any.

The case was tried before a jury which returned a verdict for the plaintiff in the exact amount of her medical expenses. Plaintiff filed a motion for a new trial which was sustained "by reason of error in the verdict . . . in that the same is inconsistent with the instructions and evidence."

Defendant has appealed alleging (1) that his demurrer should have been sustained, and (2) that the trial court erred in granting plaintiff a new trial after the jury had returned a general verdict for plaintiff.

In ruling on a demurrer the court is bound to consider the evidence in the light most favorable to the plaintiff, and if there are inferences to be drawn they should be drawn in favor of the plaintiff. Gwinn v. Payne (Okl.1970), 477 P.2d 680.

■ For actionable negligence to be present these elements must concur: (1) The existence of a duty on part of the defendant to protect plaintiff from injury; (2) the failure of the defendant to perform his duty; and (3) the injury to plaintiff resulting from such failure. Rush v. Mullins (Okl.1962), 370 P.2d 557. The element of duty is the crux of the problem of the case at bar. It can be said that the law is

well settled that a businessman owes its customers the duty to exercise ordinary care to keep its premises in a reasonably safe condition and to warn customers of hidden dangers upon the premises which are known or which reasonably should be known to the owner. Beatty v. Dixon (Okl.1965), 408 P.2d 339. It can be stated with equal force that the invitor has no duty to protect the invitee from dangers which are so apparent and readily observable that one would reasonably expect them to be discovered. Harrod v. Baggett (Okl.1966), 418 P.2d 652. In that case we held that the defendant owes no legal duty to plaintiff with respect to obvious dangers; sustained the defendant's demurrer and stated:

> "the duty to keep [the] premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that [they] are not known to the invitee and would not be observed by him in the exercise of ordinary care."

The principal question is whether, as a matter of law, it can be determined that the defendant had no duty to warn the plaintiff that there were fluctuations in the surface of the floating boardwalk. It is the function of the court in answering that question to apply the appropriate rules of law to the surrounding circumstances in the case.

■ It is an established rule of law that there can be no actionable negligence where the defendant has breached no duty owed to the plaintiff. Just because the defendant has created a risk which harmed the plaintiff that does not mean that, in the absence of some duty to the plaintiff, the defendant will be held liable.

In Pruitt v. Timme (Okl.1960), 349 P.2d 4, plaintiff fell down the unlighted stairway of the defendant and was injured. This Court, in holding that the evidence did not make out a case for the jury and

that the trial court correctly sustained defendant's demurrer to the evidence, stated:

"The evidence is undisputed that the stairway was unlighted and that plaintiff was well aware of the fact; but, notwithstanding that knowledge, she attempted to use the stairway without calling to her friend to switch on the stairway lights or light a match to see the condition of the entrance and fell and was injured." 349 P.2d, at 6.

It is significant that the Court did not rest its finding on contributory negligence or assumption of the risk, but simply stated that there was no liability, or duty, on part of the defendant.

■ Not only is there no duty to keep premises free from obvious dangers, but there is also no duty of defendant to warn plaintiff of such obvious dangers:

"The possessor of land is liable to a visitor only if he knows or should have known of a dangerous condition and realizes that it involves unreasonable risk and has no reason to believe that the plaintiff will discover the condition and fails to warn the visitor so that the latter may avoid the harm." Hull v. Oklahoma City Baseball Co., 196 Okl. 40, 163 P.2d 982, 984 (1945).

The concept of open and obvious dangers was more recently considered in C. R. Anthony Company v. Million (Okl.1967), 435 P.2d 116.

In that case injuries were sustained by plaintiff when she bumped her head on the bottom edge of the canvas awning in front of defendant's store. We held that the trial court should have sustained defendant's motion for a directed verdict, as a matter of law, and there was no duty on part of the defendant to protect its invitees from obvious dangers. The court considered the fact that plaintiff was familiar with defendant's store, and is deemed to have known that there was an awning in front of the store, even though the defendant did not normally have the awning as low as he had it on the day of the accident.

There has been a tendency in premises liability cases to confuse the defense of assumption of risk with the lack of duty on part of the defendant where open and obvious dangers are concerned.

In the case of the open and obvious danger, the fact that the danger is readily apparent to the plaintiff makes it clear that the defendant has not breached any duty to the plaintiff. The presence of an open and obvious danger is akin to the defendant nailing a "Danger" sign on the premises.

Insofar as the defense of assumption of risk is concerned, it cannot be said, that plaintiff's continuing to use the premises in the presence of an obvious danger requires invoking that particular doctrine. Rather, the fact that the danger is open and obvious nullifies duty of defendant to plaintiff. Before the defense of assumption of the risk can be applied, there must be a finding of primary negligence if he has a duty. That defendant has created a danger does not, per se, justify saying he is negligent. The duty to use care toward the plaintiff is satisfied if the danger is sufficiently obvious. See Keeton, Assumption of Risk and the Landowner, 20 Tex. L.Rev. 562 (1942).

■ The evidence in the instant case shows no breach of any duty owed to the plaintiff. Due to the recognized nature of public fishing docks located on the water and supported by barrels or other flotation devices, an owner should not be held liable for ordinary unsteadiness or unevenness in the surface of the dock.

This case is distinguishable from Jack Healey Linen Service Co. v. Travis (Okl. 1967), 434 P.2d 924. The evidence there was conflicting as to whether the defect, water standing in a washroom, was known by plaintiff but may have had "a deceptively innocent appearance", and as to whether the extent of the defect could have been appreciated. The facts showed that the standing water contained soap and starch and the plaintiff may not have "readily perceive(d) that the water was so

deep that the soap in it would cover the soles of her shoes."

In the instant case if the evidence is viewed in the light most favorable to plaintiff there was a fluctuation in the walkway and at the time of the injury the fluctuation seemed to be "more than the time before". There is no conflict in the evidence as to her awareness of the dangerous condition.

Plaintiff testified that she was generally familiar with fishing docks of this type. More specifically, she stated she was well aware of the danger presented by the floating boardwalk and the alleged dangerous condition of the first two sections, but she just "never had any trouble before." She admitted she had crossed the same area several times prior to the accident and that she had to be very careful because of her age and the fact that she had a broken hip when she crossed the walkway and fell.

Her testimony in describing how she negotiated the two sections by lifting her lame leg up first, then bringing her crutch and her right leg up, leaves little doubt the plaintiff was aware that there existed a dangerous condition.

This is the type of danger that the plaintiff is deemed to have knowledge of considering her infirmities, her age, her experience with fishing docks, and her familiarity with this particular walkway. This evidence does not go to prove that plaintiff assumed the risk, but to show that the condition was open and obvious. It is of little moment, therefore, whether the fluctuation in the surface of the walkway was 3 inches or 6 inches. Put simply, plaintiff stubbed her toe, and it is presumed that a person in her position would appreciate the danger of stubbing her toe on a floating fishing dock.

It is therefore held that the trial court erred in overruling defendant's demurrer.

Certiorari granted. Judgment of the Court of Appeals reversed, case remanded to the trial court with directions to enter judgment for defendant.

DAVISON, C. J., and IRWIN, BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.

WILLIAMS, V. C. J., dissents.