2007 OK 38

**Jo Ann M. LOWERY, Appellant,**

v.

**ECHOSTAR SATELLITE CORP. d/b/a/ Dish Network, Appellee.**

**No. 102,606.**

Supreme Court of Oklahoma.

May 22, 2007.

E.W. Keller and Henry Dalton, Keller, Keller & Dalton, Oklahoma City, OK, for appellant.

Jeffrey W. Miller, Jennings Cook Hoisington & Teague, Oklahoma City, OK, for appellee.

TAYLOR, J.

¶ 1 On certiorari, Echostar Satellite Corporation d/b/a Dish Network, defendant/appellee (Dish Network), contends that it did not

owe Jo Ann M. Lowery, plaintiff/appellant (Lowery), a duty of care under the facts and circumstances in this case and that it is entitled to judgment in this negligence action as a matter of law. We agree. We vacate the Court of Civil Appeals' opinion. We affirm the district court's summary judgment in favor of the defendant/appellee.

## I. The Facts and Proceedings Below

¶ 2 The facts and circumstances giving rise to Lowery's allegations of negligence against Dish Network are established by the summary judgment filings. We glean the following undisputed facts from Lowery's answers to interrogatories and the portions of her deposition included in the appellate record.

¶ 3 Lowery owned her home in Union City, Oklahoma, where she and her boyfriend, John McCormack, resided. In February of 2003, McCormack purchased a satellite dish television system from Dish Network and had the dish installed on Lowery's garage roof. McCormack had a one-year limited warranty on the satellite dish. Lowery was not involved in the purchase of the satellite dish, and she was not financially responsible for the satellite dish television system.[1] In July of 2003, the satellite dish malfunctioned. Lowery telephoned Dish Network and reported the problem. Two days later, a package from Dish Network arrived at Lowery's residence. The package contained three screws. Lowery telephoned Dish Network to inquire about the package and talked with several Dish Network customer service employees and/or supervisors.

¶ 4 The following are the significant parts of Lowery's telephone conversations with Dish Network. Customer service advised that the problem with the satellite dish required a minor repair and the three screws were the parts needed for the repair. Lowery insisted that Dish Network send someone out to repair the satellite dish as provided in the warranty. Customer service advised that Dish Network would not send

anyone out, that the limited warranty covered only necessary repair parts but not labor, and that Lowery would have to make the repairs. Lowery insisted that she should not have to repair the satellite dish because it was not her job, she was inexperienced, and she was concerned about climbing to the garage roof. When customer service advised that the repair would not be done by Dish Network, Lowery demanded that the satellite dish be removed from her garage.

¶ 5 Customer service advised Lowery more than once that she could make the minor repair to the dish. A customer service employee offered to stay on the line to guide Lowery through the repair process, and then, forty-four year old Lowery proceeded to make the repair. With a cordless telephone in hand and Dish Network's customer service on the line, Lowery climbed the ladder to her garage roof. Lowery fell from the roof before she began the repair. A neighbor came to Lowery's rescue. The neighbor repaired the satellite dish with instructions from the Dish Network's customer service. Lowery testified that when she fell, she broke her left leg and injured her left knee, left ankle, and the left side of her lower back.

¶ 6 In July of 2004, Lowery filed her petition in the district court in Canadian County, Oklahoma, seeking monetary damages from Dish Network. Lowery alleged that her bodily injuries were directly and proximately caused by Dish Network's carelessness and negligence and by Dish Network's failure to perform its duty under its warranty. Dish Network moved for summary judgment, asserting that there is no dispute as to the material facts and that it is entitled to judgment as a matter of law.

¶ 7 Dish Network contended that it cannot be liable for negligence because it owed no duty of care to Lowery to prevent the harm she suffered. Dish Network argued that it had no duty to protect Lowery where she voluntarily climbed to the roof and that no

1. Although Lowery had no contractual relationship with Dish Network, they were not strangers. Lowery is the person who actually signed Dish Network's contract with McCormack. When the satellite dish was installed, McCormack, a long-distance truck driver, was on the road and both McCormack and the person who installed the satellite dish requested that Lowery sign McCormack's name on Dish Network's documents.

inference of a duty to protect Lowery from the harm she suffered can be drawn from the customer service employee's offer to advise Lowery on repairing the satellite dish. Dish Network also argued that it owed no contractual duty to Lowery to repair the equipment her boyfriend purchased. In response, Lowery asserted that Dish Network exposed her to foreseeable harm when it refused to repair the satellite dish at the request of a member of the purchaser's household. Lowery argued that Dish Network is liable for her injury caused by its reckless urging, encouraging and advising an inexperienced person to repair the satellite dish equipment. Lowery relied on the general common law principle that a person owes a duty of care to all persons who are foreseeably endangered by his or her conduct with respect to all risks which make the conduct unreasonably dangerous.[2] Lowery also asserted that any contributory negligence on her part is a fact question constitutionally rested in a jury and that disputed material facts prevented summary judgment.

¶ 8 The district court granted Dish Network's motion for summary judgment. Lowery timely appealed. In her issues on appeal, Lowery asserted error in the summary judgment because 1) material facts are disputed, 2) Dish Network, by encouraging Lowery to repair the satellite dish, assumed a duty to avoid foreseeable harm that could occur and breached that duty, and 3) Lowery's contributory negligence and assumption of the risk must be left to the jury.

¶ 9 The Court of Civil Appeals concluded that Dish Network may be liable for negligence where its customer service not only told Lowery to make the repairs but also offered to instruct and direct the repairs. The Court of Civil Appeals observed that the "good Samaritan rule" applies to the giving of advice as well as the rendering of medical assistance and found that Dish Network may have assumed a duty of care in relation to Lowery when its employee offered to direct the repair of the satellite dish. The Court of Civil Appeals recognized that modern customer service and tech support offered over the telephone generally is not dangerous activity but found that the customer service in this case is an exception. The Court of Civil Appeals reversed the summary judgment and remanded for further proceedings to resolve the issues of whether Dish Network exercised reasonable judgment and whether Lowery caused or contributed to her injuries.

¶ 10 Dish Network timely petitioned for certiorari review, arguing that the Court of Civil Appeals erroneously applied the "good Samaritan rule" and that it, Dish Network, had no duty to protect Lowery from the open and obvious risks associated with climbing up to her garage roof. Lowery responded that the Court of Civil Appeals did not actually apply the "good Samaritan rule," but rather, the appellate court determined that Dish Network assumed a duty to Lowery by giving technical advice and that the reasonableness of Dish Network's conduct should be left to the trier of fact. We previously granted Dish Network's petition for writ of certiorari.

## II. Standard of Review

¶ 11 Summary judgment is not a procedure to substitute a trial by affidavit for a full-blown trial. *Myers v. Lashley,* 2002 OK 14, ¶ 18, 44 P.3d 553, 561–562. It is a pretrial procedure available where the evidentiary materials, such as affidavits, admissions, answers to interrogatories, and depositions, establish each and every material fact necessary to support a judgment as a matter of law, *Manley v. Brown,* 1999 OK 79, ¶ 22, 989 P.2d 448, 455–456, and where there is no dispute as to the material facts and the inferences that may be drawn from the undisputed material facts. *Pickens v. Tulsa Metropolitan Ministry,* 1997 OK 152, ¶ 7, 951 P.2d 1079, 1082. Summary judgment settles only questions of law. *Id.* The standard of review of the questions of law is *de novo. Id.* Where a controversy is resolved by summary judgment, the appellate courts review the entire summary judgment record independently and without deference to a lower court. *Id.* Summary judgment will be affirmed only if the appellate court determines that there is

---

2. For this proposition, Lowery relied on *Wofford v. Eastern State Hosp.,* 1990 OK 77, 795 P.2d 516, and *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, 913 P.2d 1318.

no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts. *Runyon v. Reid,* 1973 OK 25, ¶ 15, 510 P.2d 943, 946.

### III. A duty of care owed by Dish Network to Lowery to protect her from the harm she allegedly suffered cannot be inferred from the facts and circumstances in this case.

¶ 12 The elements of the tort of negligence are 1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty. *Nicholson v. Tacker,* 1973 OK 75, ¶ 9, 512 P.2d 156, 158; *Thompson v. Presbyterian Hosp., Inc.,* 1982 OK 87, ¶ 7, 652 P.2d 260, 263. The existence of a duty of care is the threshold question in any negligence action. *Wofford v. Eastern State Hosp.,* 1990 OK 77, ¶ 8, 795 P.2d 516, 518. A duty of care is an obligation owed by one person to act so as not to cause harm to another. *See* 76 O.S.2001, § 1.[3] Whether the defendant owed the plaintiff a duty of care is a question of law for the court in a negligence action. *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, ¶ 7, 913 P.2d 1318, 1320. And, if the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law. *First Nat'l Bank in Durant v. Honey Creek Entertainment Corp.,* 2002 OK 11, 54 P.3d 100. Inasmuch as Lowery's claim is not grounded in contract or some special relationship, it is not actionable unless Dish Network owed her a duty of care under these general principles of the law of negligence.

¶ 13 We have long recognized that without regard to the relationship of the parties, a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person. *Lisle v. Anderson,* 1916 OK 92, 61 Okla. 68, 159 P. 278. We have explained that a duty of care may arise from a set of circumstances which would require the defendant to foresee the particular harm to the plaintiff. *Delbrel,* at ¶¶ 9–10, 913 P.2d at 1321.

¶ 14 In determining the legal question of the existence of a duty of care, the court considers policy factors that lead the law to say a particular plaintiff is entitled to protection. *Iglehart v. Bd. of County Commissioners of Rogers County,* 2002 OK 76, ¶ 10, 60 P.3d 497, 502.[4] The most important consideration in determining the existence of a duty of care is foreseeability of harm to the plaintiff. *Id.* Generally, a defendant owes a duty of care to the plaintiff who is foreseeably endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous. *Id.* Foreseeable risk of harm establishes the zone of risk to assess whether defendant's conduct created a generalized and foreseeable risk of harm to plaintiff, *id.,* by a reasonable prudent person standard. *See Lisle v. Anderson, supra.* Foreseeable risk of harm that will lead the law to say a particular plaintiff is entitled to protection will not generally be extended beyond reason and good sense. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, ¶ 22, 631 P.2d 752, 757.

---

**3.** 76 O.S.2001, § 1 imposes a legal duty upon each person, without contract, to abstain from injuring the person or property of another. How the one person must act or not act is the standard of care required to satisfy this duty of care. *See Johnson v. Hillcrest Health Center, Inc.,* 2003 OK 16, ¶ 13, 70 P.3d 811, 816–817; *Copeland v. Lodge Enterprises, Inc.,* 2000 OK 36, ¶ 7, 4 P.3d 695, 698.

**4.** At note 17, *Iglehart v. Bd. of County Commissioners of Rogers County,* 2002 OK 76, ¶ 10, 60 P.3d 497, 502, cited *Tarasoff v. Regents of Univ.*

*of Cal.,* 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334, 342 (1976), for the policy considerations that would lead the law to recognize a legal duty of care. The policy considerations include 1) foreseeability of harm to the plaintiff, 2) degree of certainty of harm to the plaintiff, 3) moral blame attached to defendant's conduct, 4) need to prevent future harm, 5) extent of the burden to the defendant and consequences to the community of imposing the duty on defendant, and 6) availability of insurance for the risk involved.

¶ 15 The foreseeability of the risk of harm to Lowery from the particular danger involved in this case is tacitly admitted by the parties. The focus of our inquiry is not whether the risk of harm was foreseeable but whether Dish Network's conduct unreasonably endangered Lowery with respect to the obvious risk involved in climbing onto a rooftop. The essence of Lowery's claim is that Dish Network assumed a duty of care to protect her from the obvious danger involved in climbing a ladder to a rooftop when it refused to repair the satellite dish and it offered to guide her in making the repair herself. On the other hand, the essence of Dish Network's defense is that there is no fact that would lead the law to say Lowery is entitled to protection from the danger she encountered and place a legally cognizable duty on Dish Network to protect Lowery from the injury she alleges. We have carefully perused the appellate record and find no evidentiary material that would lead a reasonable prudent person to view Dish Network's customer service conduct, its acts or omissions, as unreasonably endangering Lowery and placing a duty upon Dish Network such that it is subjected to liability for the injuries she alleged.

¶ 16 When, on summary judgment, the defendant contends that the facts and circumstances are undisputed and submits evidentiary material supporting the contention, the plaintiff must respond with some evidentiary material that would demonstrate a need for a trial on the issue. *Runyon v. Reid,* at ¶ 13, 510 P.2d at 946. Lowery did not respond to the summary judgment with evidentiary material tending to establish any fact from which a duty of care might be inferred or tending to show that Dish Network had control over the dangerous conditions or that Dish Network was in a superior position to protect her from the danger she encountered. To prevent summary judgment, Lowery needed to produce evidentiary materials showing that the Dish Network customer service employee knew or should have known of some danger of harm with respect to the obvious risks of climbing onto a rooftop, such as, precarious location of the satellite dish or precarious height or pitch of the roof, absence of an intelligent choice to climb to the roof, physical inability to climb a ladder, or a myriad of other possible facts which might lead a reasonable prudent person to view the conduct of the customer service employee to be unreasonably dangerous. We are convinced by the totality of the facts and circumstances established by the evidentiary material in the appellate record that it is beyond good sense to say that Dish Network owed Lowery a duty to protect her from the danger she encountered because of her desire to have the satellite dish repaired and her decision to climb on the roof to repair it.

## IV. The good Samaritan rule is not applicable.

¶ 17 The Court of Civil Appeals found that Dish Network owed Lowery a duty of care by analogy to that of a good Samaritan rescuer. It relied on the "good Samaritan rule" in the Restatement (Second) of Torts § 323 (1965) which provides that any person who renders "services to another which services he should recognize as necessary for the protection of the" other person or the other person's property, is liable to the other person for harm resulting from the failure to exercise reasonable care if the failure increases the risk of harm or the harm is suffered because the other person relied upon the service.[5] We find no likeness be-

---

5. The Court of Civil Appeals did not, however, mention Oklahoma's "Good Samaritan Act," 76 O.S.2001, § 5. That statute sets forth the general principle that a person is responsible for his or her willful acts and for injury occasioned to another by his or her want of ordinary care or skill in the management of his property or person, except injury he or she brought upon himself or herself with specific exceptions. These exceptions are the main purpose of the "Good Samaritan Act." The exceptions provide immunity, in summary: 1) any person licensed to prac- tice medical arts is not liable for injury other than injury caused by grossly negligent or willful and wanton conduct in rendering emergency care; 2) any person rendering emergency care to restore breathing or heart beat or to stop bleed- ing is not liable for acts or omissions in render- ing the emergency care; 3) any licensed surgeon or dentist rendering emergency operation with- out consent and without compensation is not liable for injury other than injury caused by grossly negligent or willful and wanton conduct

tween the facts and circumstances of this matter with that of a "good Samaritan" rescuer. Dish Network did not render services necessary to protect Lowery; it did not come to the rescue of Lowery. Under the facts and circumstances in this case, the "good Samaritan rule" does not apply to the customer service offer to instruct on the repair of the satellite dish.

## V. Contributory negligence and assumption of the risk do not prevent summary judgment.

¶ 18 Lowery also argued that summary judgment was not proper because the issues of her contributory negligence or assumption of the risk can only be decided by a jury, citing Okla. Const., art. 23, § 6. Where, as in this case, there is no duty of care on the part of the defendant, there is no need to submit the defense of assumption of the risk or contributory negligence to a jury and the court may find the negligence claim is not actionable as a matter of law. *Tucker v. ADG, Inc.*, 2004 OK 71, ¶ 17, 102 P.3d 660, 667; *Flanders v. Crane*, 1984 OK 88, ¶ 12, 693 P.2d 602, 606.

## VI. There are no material facts in dispute.

¶ 19 Finally, Lowery urged that summary judgment was not proper because material facts are disputed. We do not agree. There is no dispute that during Lowery's telephone conversations with several customer service employees Lowery was advised that Dish Network would not repair the satellite dish and that she would have to take care of the problem. There is no dispute that Lowery was aware of the dangers of climbing to the garage roof and expressed her concerns to the customer service employee. Also, there is no dispute that Lowery made the choice to climb to the roof to repair the satellite dish. Further, there is no evidentiary material tending to show circumstances that placed the Dish Network customer service in a position toward Lowery to

protect her from the harm she alleged. The undisputed fact that the employee had a hand in the dangerous situation by telling Lowery she could repair the satellite dish and offering to give her advice as she made the repair does not render Dish Network liable for negligence to Lowery. In *Nicholson v. Tacker*, 1973 OK 75, ¶¶ 19 and 22, 512 P.2d 156, 159–160, we said that a showing that the defendant created a danger does not, per se, justify saying the defendant is negligent, particularly where the danger is sufficiently obvious and there is no conflict in the evidence as to plaintiff's awareness of the dangerous condition.

¶ 20 We have reviewed the entire appellate record independently and without deference to the lower courts. We have determined there is no dispute as to any material fact. Viewing all of the evidentiary materials in the appellate record in the light most favorable to Lowery, she has no right to recover from Dish Network under tort law. *See Iglehart v. Bd. of County Commissioners of Rogers County*, at ¶ 9, 60 P.3d at 502.

## VII. Conclusion

¶ 21 To successfully defend against Dish Network's summary judgment motion Lowery had the burden to produce some evidentiary material tending to establish any fact from which a duty of care to protect her from the danger she encountered might be inferred. Lowery failed to carry this burden. On this appellate record, it is not reasonable to say that Dish Network owed Lowery a duty to protect her from the danger she encountered when she decided to climb onto the roof of her garage. Lowery's negligence claim against Dish Network failed as a matter of law under the evidentiary material presented on summary judgment. The district court did not err in granting summary judgment in favor of Dish Network.

**COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S SUMMARY JUDGMENT AFFIRMED.**

and except; and 4) any immediate family member and any person approved by a sponsoring agent and registered with local law enforcement to extend aid to other persons is not liable for acts or omissions of an ordinarily prudent person

under the circumstances. The "Good Samaritan Act" did not modify the common law duty of care, although it did abrogate the rescue doctrine for medical providers. *Tucker v. ADG, Inc.*, 2004 OK 71, ¶ 19, 102 P.3d 660, 668.

WINCHESTER, C.J., EDMONDSON, V.C.J., and LAVENDER, HARGRAVE, OPALA, and TAYLOR, JJ., concur.

KAUGER and COLBERT, JJ., concur in part and dissent in part.

WATT, J., dissents.