2010 OK CIV APP 22

### The ESTATE OF Linda J. Barclay DOYLE, Deceased, Plaintiff/Appellant,

v.

### SPRINT/NEXTEL CORPORATION and Samsung Telecommunications America, L.L.C., Defendants/Appellees.

No. 108,648.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 9, 2010.

Certiorari Denied Feb. 7, 2011.

948

Loyde H. Warren, Michael S. "Mickey" Homsey, Terry R. McMillan, Oklahoma City, OK, for Plaintiff/Appellant.

Bart Jay Robey, Curtis L. Smith, Smith Rhodes Stewart & Elder, PLLC, Oklahoma City, OK, for Defendant/Appellee Samsung Telecommunications America, L.L.C.

Amy D. White, Joseph Walters, McAfee & Taft, A Professional Corporation, Oklahoma City, OK, for Defendant/Appellee Sprint/Nextel Corporation.

JANE P. WISEMAN, Chief Judge.

¶1 The Estate of Linda J. Barclay Doyle (Plaintiff) appeals from a trial court order granting the motions to dismiss of Defendants Sprint/Nextel Corporation and Samsung Telecommunications America, L.L.C. As an accelerated appeal filed pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2010, ch. 15, app. 1, this case stands submitted without appellate briefing. After review of the record on appeal and pertinent law, we find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 This lawsuit arises from a motor vehicle accident that occurred in Oklahoma City on September 3, 2008. It is alleged that Christopher Charles Hill ran a red light and collided with a vehicle driven by Linda J. Barclay Doyle. According to the amended petition, Linda J. Barclay Doyle died later that day as a result of the injuries she sustained in the collision.

¶3 Plaintiff filed the present action claiming Hill was "engrossed in a cellular telephone conversation [when he] ran a red light and negligently collided with the motor vehicle driven by" Doyle. Plaintiff contends that Defendants "were negligent in that they failed to properly warn of the hazard of cell phone use while driving that created a reasonably foreseeable risk of an accident" and proximately caused the collision resulting in Doyle's death.

¶4 Both Defendants filed motions to dismiss arguing that Plaintiff cannot establish a negligence claim because Plaintiff cannot show Defendants owed Doyle any duty or that their actions or inactions caused the accident. After considering the motions, responses, replies, and oral arguments, the trial court granted the motions and finding the petition could not be amended or cured, dismissed Plaintiff's claims with prejudice.

¶5 Plaintiff appeals.

## STANDARD OF REVIEW

¶6 We review *de novo* an order dismissing a case for failure to state a claim on which relief can be granted. *Fanning v. Brown*, 2004 OK 7, ¶4, 85 P.3d 841, 844. Such a review "involves consideration of whether a plaintiff's petition is legally sufficient." *Id.* When this Court reviews a motion to dismiss, we "must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Id.*

## ANALYSIS

¶7 Plaintiff's claims against Defendants are based on negligence.[1] To establish a prima facie case of negligence, a plaintiff must show: "first, that the defendant had a duty to protect the plaintiff from injury; second, that the defendant failed to properly exercise or perform that duty, and third, that the defendant's failure to properly exercise or perform that duty caused the plaintiff's injury." *Craft v. Graebel–Oklahoma Movers, Inc.*, 2007 OK 79, ¶27, 178 P.3d 170, 178.

¶8 We must first determine whether Defendants owed a duty to Plaintiff which is "the threshold question in any negligence action." *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶12, 160 P.3d 959, 964. "A duty of care is an obligation owed by one person to act so as not to cause harm to another." *Id.* (citing 76 O.S.2001 § 1). Determining whether a plaintiff is owed a duty of care in a negligence action is a question of law, and if no such duty is owed, "there can be no liability for negligence as a matter of law." *Id.*

¶9 When making this determination, "the court considers policy factors that lead the law to say a particular plaintiff is entitled to protection." *Id.* at ¶14, 160 P.3d at 964 (citing *Iglehart v. Board of Cnty. Comm'rs of Rogers Cnty.*, 2002 OK 76, ¶10, 60 P.3d 497, 502).[2] "The most important

1. We note that Plaintiff's amended petition asserts only a negligence claim and not a products liability claim. In response to Defendant Samsung's motion to dismiss, Plaintiff confirms the claim asserted is one for negligence stating, "[t]he instant matter presents a failure to warn claim sounding in negligence." We will therefore confine our analysis to negligence.

2. Although the Supreme Court in *Lowery* only analyzed the "foreseeability of harm to the plain-

consideration in determining the existence of a duty of care is the foreseeability of harm to the plaintiff." *Id.* A defendant generally owes a duty of care to all persons "foreseeably endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous." *Id.* "Foreseeable risk of harm establishes the zone of risk to assess whether defendant's conduct created a generalized and foreseeable risk of harm to plaintiff. . . ." *Id.* "The outer limits beyond which the law will not find a foreseeable risk of harm to a particular plaintiff that entitles him (her) to protection are set by reason and good sense." *Morales v. City of Oklahoma City,* 2010 OK 9, ¶ 21, 230 P.3d 869, 878. The foreseeable risk of harm is assessed by a reasonable prudent person standard. *Lowery,* 2007 OK 38 at ¶ 14, 160 P.3d at 964.

■ ¶ 10 Defendants rely upon the Indiana case of *Williams v. Cingular Wireless,* 809 N.E.2d 473 (Ind.Ct.App.2004), in support of their argument that they owed no duty to protect Doyle from Hill's careless driving caused by using his cell phone. In a claim similar to this case, the plaintiff in *Williams* brought a negligence action against a cell phone company for furnishing to its customer the cell phone allegedly being used when the plaintiff's and customer's vehicles collided. *Id.* at 475. The trial court granted the cell phone company's motion to dismiss for failure to state a claim and the plaintiff appealed. *Id.* In *Williams,* the appellate court analyzed the relationship of the parties, the foreseeability of harm to the plaintiff, and public policy concerns to determine whether the cell phone company owed plaintiff any duty of care. *Id.* at 476.

¶ 11 The *Williams* court found no relationship existed between the defendant and the plaintiff that would create a duty of care

because the plaintiff had no contract with the defendant, was not a customer of the defendant, the accident did not involve the defendant's employee or automobile, and it did not occur on the defendant's property. *Id.* at 477. Further, the cell phone did not malfunction and cause the plaintiff's injury. *Id.* Although it can be argued that Oklahoma has not engaged in and relied on this same analysis of the parties' relationship in deciding whether a duty is owed as a matter of law,[3] the decision in *Williams* also provides further analysis of the foreseeability question that is helpful to our discussion.

¶ 12 The *Williams* court also concluded it was not foreseeable that the sale of a cell phone would result in an automobile accident. The court stated:

Although we agree that it may be foreseeable that a person who is using a cellular phone while driving might be in an accident, we do not agree with the leap in logic [plaintiff] urges us to make that it is likewise foreseeable to a legally significant extent that the sale of the phone would result in an accident. A cellular phone does not cause a driver to wreck a car. Rather, it is the driver's inattention while using the phone that may cause an accident. Drivers frequently use cellular phones without causing accidents, and, of course, cellular phones are used in all sorts of places other than in vehicles. We do not conclude that there was a high degree of foreseeability that the sale of the phone would result in an accident.

*Id.* at 478 (citation omitted).

¶ 13 The court in *Williams* also found public policy weighed in favor of not imposing a duty on a cellular phone company for automobile accidents. *Id.* at 478–79. "Simply because an action may have some degree of

---

tiff" factor, it identified the policy factors as follows: "1) foreseeability of harm to the plaintiff, 2) degree of certainty of harm to the plaintiff, 3) moral blame attached to defendant's conduct, 4) need to prevent future harm, 5) extent of the burden to the defendant and consequences to the community of imposing the duty on defendant, and 6) availability of insurance for the risk involved." *Lowery,* 2007 OK 38, n. 4, 160 P.3d 959.

**3.** The Supreme Court has long recognized that "without regard to the relationship of the parties, a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person." *Lowery,* 2007 OK 38 at ¶ 13, 160 P.3d at 964.

foreseeability does not make it sound public policy to impose a duty." *Id.* at 478. For example,

> It is foreseeable to some extent that there will be drivers who eat, apply make up, or look at a map while driving and that some of those drivers will be involved in car accidents because of the resulting distraction. However, it would be unreasonable to find it sound public policy to impose a duty on the restaurant or cosmetic manufacturer or map designer to prevent such accidents.

*Id.* The court further stated in *Williams:*

> Cellular phones are safely used in many different contexts every day. Indeed, many drivers use cellular phones safely for personal and business calls, as well as to report traffic emergencies. Encouraging drivers to report accidents, dangerous road conditions, or other similar threats to authorities on their cellular phones is in the public's interest.
>
> *Imposing a duty on Cingular and similar companies to prevent car accidents* such as the one in this case *would effectively require the companies to stop selling cellular phones entirely because the companies have no way of preventing customers from using the phones while driving.* Doing so would place a higher burden on those companies than on other types of manufacturers or sellers of products that might be distracting to drivers. Ultimately, sound public policy dictates that the responsibility for negligent driving should fall on the driver.

*Id.* at 479 (emphasis added). After balancing these three factors, the court in *Williams* concluded that Cingular owed no duty of care to the plaintiff because the plaintiff's "attenuated relationship with Cingular and the foregoing public policy considerations substantially outweigh any foreseeability of the harm at issue." *Id.*

¶ 14 A defendant's action that creates some foreseeability of danger does not necessarily impose a duty on that defendant for that action. *Lowery,* 2007 OK 38 at ¶ 19, 160 P.3d at 966 ("a showing that the defendant created a danger does not, per se, justify saying the defendant is negligent, particularly where the danger is sufficiently obvious."); *Nicholson v. Tacker,* 1973 OK 75, ¶ 11, 512 P.2d 156, 158 ("Just because the defendant has created a risk which harmed the plaintiff that does not mean that, in the absence of some duty to the plaintiff, the defendant will be held liable.") Instead, "a defendant owes a duty of care to the plaintiff who is foreseeably endangered by defendant's conduct with respect to all risks that make the conduct unreasonably dangerous." *Lowery,* 2007 OK 38 at ¶ 14, 160 P.3d at 964.

¶ 15 Plaintiff claims that Defendants "were negligent in that they failed to properly warn of the hazard of cell phone use while driving that created a reasonably foreseeable risk of an accident." Plaintiff also claims without reference to the record that "there is no reason to believe that [Hill] realized the dangerous circumstances created by engaging in cell phone use while driving without being forewarned."[4]

¶ 16 The purchase and use of a cellular phone or cellular service are not inherently dangerous acts, nor is it foreseeable that the sale and subsequent use of such a phone would cause an accident. Even if using a cell phone while driving is foreseeable, it is not necessarily foreseeable that it will cause a collision or unreasonably endanger a particular class of persons. *See generally Williams v. Cingular Wireless,* 809 N.E.2d 473 (Ind. Ct.App.2004). It is not reasonable to anticipate injury every time a person uses a cellular phone while driving. As a result, we cannot conclude based on the record before us that Defendants' conduct created a foreseeable "zone of risk" giving rise to a duty on Defendants' part to protect Doyle from Hill's negligent driving and/or warn of the potential dangers associated with using a cell phone while driving.

¶ 17 Defendants also argue that Plaintiff cannot prove that any conduct of the Defen-

---

4. We note that using a cell phone while driving is not unlawful or prohibited by applicable local or state law, and further, that despite Plaintiff's claim that Defendants should have warned Hill of the dangers of talking on a cell phone while driving, Plaintiff also argues that "it would be difficult to claim ignorance in this regard," *i.e.,* that such use is likely to be dangerous.

dants caused the accident and Doyle's injuries. As a general proposition, it is every driver's duty to use ordinary care while driving.[5] Furthermore, it is the duty of all drivers "to use ordinary care to prevent injury to themselves or other persons" and "to exercise ordinary care in keeping a lookout consistent with the safety of other vehicles."[6] Although the parties briefed this issue in the proceedings before the trial court, we decline to address it because the absence of a duty owed by Defendants to Doyle is dispositive of this appeal.

¶ 18 The occurrence giving rise to this lawsuit was tragic. We conclude, however, that Defendants owed Doyle no duty to protect her from the danger she encountered from Hill's decision to drive while distracted on a cell phone. After reviewing *de novo* the appellate record and relevant law, we find no basis which might lead a reasonably prudent person to conclude Defendants owed Doyle a duty of care. We affirm the trial court's order granting Defendants' motions to dismiss.

## CONCLUSION

¶ 19 Because the facts as pled give rise to no duty to Doyle on the part of Defendants, we conclude the trial court correctly granted Defendants' motions to dismiss as a matter of law. Because we find Defendants owed no duty to Doyle, further issues raised by the parties will not be addressed.

¶ 20 **AFFIRMED.**

FISCHER, P.J., and BARNES, J., concur.

---

5. Oklahoma law requires that "[t]he operator of every vehicle, while driving, shall devote [the operator's] full time and attention to such driving." 47 O.S. Supp.2010 § 11–901(b). This quoted portion of the statute was in effect at the time of the accident.

6. Oklahoma Uniform Jury Instructions Civil (OUJI–CIV), Nos. 10.1 and 10.2.