DARBY, J., DISSENTING:
¶1 I respectfully dissent. "It is not the purpose of summary judgment to substitute [a] trial by affidavit for a trial according to law."[1] "Summary judgments are disfavored and should only be granted when it is clear there are no disputed material fact issues."[2] The moving party has the burden to show there is no substantial controversy as to any material fact.[3] After this showing, the opposing party must demonstrate existence of a material fact in dispute which would justify a trial; circumstantial evidence may satisfy this burden.[4] "Because the trial court has the limited role of determining whether there are such issues of fact, it may not determine fact issues on a motion for summary judgment nor may it weigh the evidence."[5]
¶2 Rule 13(b) of the Rules for District Courts of Oklahoma provides that "[a]ll material *1163 facts set forth in the statement of the movant which are supported by acceptable evidentiary material shall be deemed admitted for the purpose of summary judgment ... unless specifically controverted by the statement of the adverse party which is supported by acceptable evidentiary material."[6] The State filed its Renewed Motion for Summary Judgment and supported all of its "undisputed material facts" with acceptable evidentiary material.[7] In its Cross Motion for Summary Judgment and Opposition to Defendants' Renewed Motion for Summary Judgment, Nova failed to follow the requirements of Rule 13 to set forth and number each specific material fact which it claimed to be in controversy.[8] Instead, Nova stated its own "undisputed material facts," citing to its motion to strike the State's expert's affidavit. The State then argued that because Nova failed to follow Rule 13, the State's "undisputed material facts" should be deemed admitted; but the State also failed to properly dispute Nova's "undisputed material facts" under Rule 13. In its reply, Nova argued that
Plaintiffs have by no means admitted all of the facts alleged in Defendants' Renewed Motion for Summary Judgment. Both parties have filed cross-motions for summary judgment, each with their own versions of undisputed, relevant facts . Thus, there can be no doubt that Plaintiffs contest Defendants' alleged facts.[9]
Nova then provided several examples of contradictions in the various versions of material facts. Nova also supported its "undisputed material facts" with acceptable evidentiary material. The parties opposing the motions for summary judgment had the burden to bring evidence to show the facts were in dispute,[10] and both did so.
¶3 In ruling on Nova's request that the court strike the State's expert's affidavit, the district court said it
was not willing to strike [the expert's affidavit] on the basis of ["]is she right,[" "]are we right,["] and who has the evidence to support it. I think both of them are qualified and have some evidence that may be able to be attacked on cross-examination but not on grounds to strike the affidavit.[11]
Rule 13 goes on to require:
If it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment for said party.
If the court finds that there is no substantial controversy as to certain facts or issues, the court may enter an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the remaining fact or issues.[12]
Given that the parties and the district court acknowledge that the parties disputed each other's stated "undisputed material facts" and supported their respective claims with evidentiary material, the district court had no authority under Rule 13 to grant summary judgment to any movant.
¶4 The district court should have answered the initial question of whether disputed material fact issues remained. Skipping over that *1164 part of the analysis, however, the district court granted summary judgment to Nova without ever identifying which "undisputed" facts it relied upon, explaining how H.B. 2684 imposes an undue burden, or determining which protocol (old, new, or off-label) is safer and to what degree. The district court's order explains the history of this case through Cline III and gives the additional information that in March 2016, the FDA approved an updated protocol which it determined was safe and effective and which Nova now follows. The order granting summary judgment to Nova states:
This Court finds that the Act fails under the undue burden standard because it would place a substantial obstacle in the path of a women seeking a pre-viability abortion. Specifically, this Court finds that the burdens imposed by the Act exceed its benefits, and further, that the burdens imposed by the Act are undue.
We do not know whether the district court found there were no disputed material facts or whether it, in effect, conducted a trial by affidavit - no testimony, no cross-examination, and no opportunity for rebuttal.
¶5 Upon appellate review, "[s]ummary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] Summary judgment settles only questions of law and the standard of review for those questions is de novo .[14] The district court gave us a decision on the constitutionality of H.B. 2684, but we do not know on what evidence it based its decision, especially in light of the many conflicting material facts contained in the submitted affidavits of the parties. The facts, which remain in dispute, are material to the analysis mandated by the United States Supreme Court[15] and applied by the majority. These disputed facts include the determinations regarding the potential medical or health benefits of the 2000 protocol versus the relative safety or dangers of the 2016 protocol or other off-label protocols.
¶6 The majority sidesteps and expands the limited role of the district court in considering a motion for summary judgment by conducting an evidentiary "trial" by affidavit - deciding which evidence it finds credible, which it finds persuasive, and which it finds outweighs the other side's evidence. A fact-finding exercise of this nature should only be conducted by the district court - by trial or evidentiary hearing. This is improper for the Court, even under de novo review.
¶7 Because material questions of fact remain in this case and the district court did not follow the rules of civil procedure, I would find the district court erred in granting summary judgment. I would reverse and remand the case to the district court for further proceedings not inconsistent herewith. Therefore, I respectfully dissent.

In Roe , the United States Supreme Court held a woman's right to an abortion was founded upon the protections provided under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. 410 U.S. 113, 164, 93 S.Ct. 705. The Fourteenth Amendment mandates all States shall comply with the Due Process Clause. The application of the Fourteenth Amendment's Due Process Clause is alive and well today. The most recent example is found in Timbs v. Indiana , --- U.S. ----, 139 S.Ct. 682, 203 L.Ed.2d 11 (2019). In Timbs, the Supreme Court held the Fourteenth Amendment's Due Process Clause incorporates the protections found in the Eighth Amendment, i.e., providing protections against excessive fines. --- U.S. at ----, 139 S.Ct. 682, 2019 WL 691578 at 6.

Fargo v. Hays-Kuehn , 2015 OK 56, ¶ 12, 352 P.3d 1223, 1227.

Hargrave v. Can. Valley Elec. Coop. , 1990 OK 43, ¶ 14, 792 P.2d 50, 55.

Id. ; Runyon v. Reid , 1973 OK 25, ¶ 14, 510 P.2d 943, 946.

Tiger v. Verdigris Valley Elec. Coop. , 2016 OK 74, ¶ 13, 410 P.3d 1007, 1011.

R. for Dist. Cts. of Okla. 13(b), 12 O.S.2011, ch.2, app.

Nova disputed the admissibility of the State's expert's affidavit. The district court struck portions, leaving substantial evidence to support the State's disputed material facts.

R. for Dist. Cts. of Okla. 13(b), 12 O.S.2011, ch.2, app.

Pls.' Reply in Supp. of Cross Mot. for Summ. J. at 1, Okla. Coal. for Reprod. J. v. Cline , No. CV-2014-1886 (Okla. Cty. Dist. Ct.) (emphasis added).

See Loper v. Austin , 1979 OK 84, ¶ 7, 596 P.2d 544, 546.

Tr. of Proc. Aug. 25, 2017, Okla. Coal. for Reprod. J. v. Cline , No. CV-2014-1886 (Okla. Cty. Dist. Ct.).

R. for Dist. Cts. of Okla. 13(e), 12 O.S.2011, ch.2, app.

Lowery v. Echostar Satellite Corp. , 2007 OK 38, ¶ 11, 160 P.3d 959, 963-64.

Id. ¶ 11, 160 P.3d at 963.

Whole Women's Health v. Hellerstedt , --- U.S. ----, 136 S.Ct. 2292, 2309-10, 195 L.Ed.2d 665 (2016) ; Gonzales v. Carhart , 550 U.S. 124, 146, 158, 127 S.Ct. 1610, 1626-27, 1633, 167 L.Ed.2d 480 (2007) ; Planned Parenthood of Se. Penn. v. Casey , 505 U.S. 833, 846, 874, 877, 895, 112 S.Ct. 2791, 2804, 2819, 2820, 2830, 120 L.Ed.2d 674 (1992).