MITCHELL v. CITY OF OKMULGEE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MITCHELL v. CITY OF OKMULGEE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MITCHELL v. CITY OF OKMULGEE
2021 OK CIV APP 22
494 P.3d 913
Case Number: 118076
Decided: 08/28/2020
Mandate Issued: 06/16/2021
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 22, 494 P.3d 913

 

RICHARD J. MITCHELL, Plaintiff/Appellee,
v.
CITY OF OKMULGEE, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKMULGEE COUNTY, OKLAHOMA

HONORABLE KYLE E. WATERS, JUDGE

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS

Frank W. Frasier, Tulsa, Oklahoma, for Plaintiff/Appellee,

John J. Love, THE LOVE LAW FIRM, Oklahoma City, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Presiding Judge:

¶1 Defendant/Appellant City of Okmulgee (City) appeals from a $120,000 judgment in favor of Plaintiff/Appellee Richard J. Mitchell (Fire Chief). Fire Chief sued City, claiming his termination as City's fire chief violated the workers' compensation retaliatory discharge statute and his due process rights. After de novo review, we find Fire Chief failed to show he was entitled to judgment as a matter of law. The court erred by granting his motion for summary judgment. We reverse the judgment and damages award and remand for further proceedings.

BACKGROUND

¶2 Fire Chief sustained an on-the-job back injury in October 2013. In 2014, he filed a worker's compensation claim and started receiving temporary total disability (TTD) benefits. City continued to pay Fire Chief his full salary, and in exchange, Fire Chief assigned his TTD payments to City. This arrangement was required by 11 O.S. Supp. 2012 §49-111, which provides, in pertinent part, as follows:

A. Whenever any member of the fire department of any municipality, on account of sickness or temporary disability, other than a burn injury, caused or sustained while in the discharge of the member's duty as such member, is unable to perform the member's duties, notwithstanding the workers' compensation provisions of Title 85 of the Oklahoma Statutes related to temporary disability benefits, the salary shall be paid by the municipality to the member and shall continue while the member is sick or temporarily disabled for a period of not more than six (6) months with the municipality having the option of extending the period for up to an additional six (6) months, not to exceed a total of twelve (12) months, after which period the provisions for disability benefits under the Oklahoma Firefighters Pension and Retirement System shall apply. . . .

C. Should a member receiving a salary under this section be eligible to receive, and should the salary of the member under this section exceed any temporary disability benefit paid to the member under the workers' compensation provisions of Title 85 of the Oklahoma Statutes, the member shall transfer such temporary disability benefits under the workers' compensation provisions of Title 85 of the Oklahoma Statutes to the municipality while the member is sick or temporarily disabled.

See id., §49-111(A) & (C).

¶3 On April 27, 2015, City sent Fire Chief a letter reminding him he had been receiving salary pursuant to §49-111, informing him that §49-111 prohibited City from continuing to pay him as a firefighter after twelve months of paid injury leave, and notifying him that his twelve months of injury leave would expire on May 16, 2015. The letter stated Fire Chief had not communicated his prognosis or provided a timetable regarding his possible return and noted his medical records did not show he would be able to return to work. The letter additionally noted Fire Chief had declined City's previous offer of employment in another position and had not expressed any desire to continue employment with City. Thus, the letter concluded, City had no option but to separate Fire Chief from his employment when his twelve months of injury leave ended on May 16. The letter encouraged Fire Chief to contact City if he disagreed or could provide updated information on the matter. It also informed Fire Chief he had the option to apply for disability pension with the Oklahoma Firefighters Pension and Retirement System (OFPRS) and advised him to contact OFPRS to verify his monthly payment amount and complete any paperwork required.

¶4 Fire Chief filed this lawsuit, raising two theories of recovery. First, he alleged City violated workers' compensation law by terminating him during his period of TTD solely based on his absence from work. Second, he claimed City violated his right to due process under 11 O.S. 2011 §29-104 by terminating him without "good and sufficient cause" or a hearing. The parties filed opposing motions for summary judgment. After a brief hearing, the court sustained Fire Chief's motion with respect to both his claims. The court subsequently held a non-jury trial on damages and entered a judgment in the amount of $120,000.

¶5 We review summary judgment de novo, giving no deference to the trial court. Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶11, 160 P.3d 959. Summary judgment is only appropriate when there is no substantial controversy as to any material fact and the moving party is entitled to judgment as a matter of law. Id. This case also involves statutory construction, which requires de novo review. See Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841.

RETALIATORY DISCHARGE

¶6 The applicable "retaliatory discharge" statute is found at 85 O.S. 2011 §341.[1] It prohibits the discharge of any employee during a period of TTD solely on the basis of absenteeism. See id., §341(B). It also provides that an employer may not discharge an employee because the employee in good faith filed a claim, retained a lawyer for representation regarding a claim, or instituted or testified in a workers' compensation proceeding. See id., §341(A).

¶7 City argues §49-111 renders §341 inapplicable, relying on §49-111's provision that it shall apply "notwithstanding the workers' compensation provisions of Title 85 of the Oklahoma Statutes related to temporary total disability benefits[.]" See §49-111(A). Fire Chief's claim arose under 85 O.S. §341(B), a provision "related to [TTD] benefits[.]" Accordingly, we agree §49-111 renders §341(B) inapplicable. Further, because §49-111 specifically provides for the rights and benefits of municipal fire department members who have a work-related injury or illness that renders them unable to return to work, it controls over §341(B)'s general prohibition on discharging an employee during his period of TTD. See Hall v. Globe Life and Acc. Ins. Co. of Okla., 1999 OK 89, ¶5, 998 P.2d 603 ("Where a matter is addressed by two statutes -- one specific and the other general -- the specific statute, which clearly includes the matter in controversy and prescribes a different rule, governs over the general statute.").

¶8 We cannot agree with Fire Chief's argument that §49-111 merely displaces the amount of TTD for six months or one year and does not allow City to discharge him from employment. Section 49-111 explicitly provides the salary payable thereunder is "not to exceed a total of twelve (12) months" and, after twelve months, "the provisions for disability benefits under the Oklahoma Firefighters Pension and Retirement System shall apply." Id. Title 11 O.S. 2011 §49-109 addresses OFPRS disability retirement and states, "Whenever any firefighter serving in any capacity in a regularly constituted fire department of a municipality shall become so physically or mentally disabled while in, or in consequence of, the performance of the firefighter's duty as to prevent the effective performance of the firefighter's duties," the OFPRS Board may, either upon the firefighter's written request or without such request if the Board deems it for the good of the department, retire the firefighter from active service and direct that the firefighter receive a monthly pension. See id., §49-109(A).

¶9 Together, these provisions indicate the Legislature intended to protect and provide for members of fire departments who suffer work-related injuries by mandating payment of their full salary for six months to one year. If the member is still unable to fulfill his work responsibilities after that period of time, the municipality must discontinue paying the salary and the rights and benefits afforded to firefighters under the OFPRS apply from that point forward. The court erred by granting summary judgment to Fire Chief on this claim.

DUE PROCESS

¶10 Fire Chief claimed he was deprived of his property interest in continued employment under 11 O.S. 2011 §29-104 without due process of law when City terminated him without "good and sufficient cause" or a hearing. Section 29-104 provides, "The chief and members of all paid municipal fire departments shall hold their respective positions unless removed for a good and sufficient cause as provided by applicable law or ordinance." Id. "Determining whether an individual has been denied procedural due process is a two-step inquiry. First, we determine whether the individual possesses a protected interest to which due process protection applies, and if so, whether the individual was afforded an appropriate level of process." Thompson v. State ex rel. Bd. of Trustees of Okla. Pub. Employees Retirement System, 2011 OK 89, ¶16, 264 P.3d 1251.

¶11 We disagree that City failed to provide "good and sufficient cause" for Fire Chief's discharge. Section 29-104 expressly requires us to refer to other applicable law to determine what constitutes "good and sufficient cause." As discussed above, a disabled firefighter is entitled to his full salary for at least six and the possibility of twelve months. See 11 O.S. §49-111(A). If he remains disabled after that time, he may no longer receive salary as a firefighter but may enter the retirement system as a disabled firefighter. Id. Fire Chief was separated from his employment due to his disability after one year as required by §49-111. Section 49-111, thus, provided "good and sufficient cause" under §29-104.

¶12 We further disagree that Fire Chief was entitled to a hearing. First, Fire Chief failed to explain how §49-111 creates a "legitimate expectation of continued employment" entitling him to due process protection. See Barnthouse v. City of Edmond, 2003 OK 42, ¶11, 73 P.3d 840. As the movant, it was Fire Chief's burden to show each element of his claim was satisfied by the undisputed facts as a matter of law. See Evers v. FSF Overlake Associates, 2003 OK 53, ¶9, 77 P.3d 581 ("[T]he movant must offer a statement of argument and authority demonstrating why the undisputed material facts entitle the movant to judgment as a matter of law. . . . This burden exists whether or not any counter statement is filed by the non-moving party.") (citations omitted). Fire Chief's conclusory assertions that §29-104 made him a merit employee entitled to due process protection do not satisfy this burden.

¶13 Second, even if Fire Chief had a legitimate expectation of continued employment that required due process protection, we find the process provided was sufficient. A public employee with a legitimate property interest is "constitutionally entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and a pretermination opportunity to present his side of the story." See Hoerman v. W. Heights Bd. of Educ., 1995 OK CIV APP 130, ¶8, 913 P.2d 684 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)). The letter informed Fire Chief of the action City intended to take; explained the reasons it was taking such action; cited the law it was mandated to follow; and encouraged him to respond if he disagreed or wanted to discuss the matter. Fire Chief does not explain what a hearing would have accomplished under these circumstances.

¶14 We find Fire Chief could not recover under 85 O.S. §341(B) as a matter of law because a more specific statutory scheme applies. We further find he failed to show, as a matter of law, that he was entitled to due process protection or that City violated his due process rights. City's third proposition of error regarding the court's damages award is rendered moot by our findings. Although City asks us to direct the trial court to enter judgment in its favor, the denial of its motion for summary judgment is not reviewable on appeal. See Myers v. Missouri Pac. R. Co., 2002 OK 60, ¶39, 52 P.3d 1014 ("We review only that process by which the actual disposition of the case was made.").

¶15 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

SWINTON, V.C.J., and GOREE, J., (sitting by designation) concur.

FOOTNOTES

[1] Fire Chief relied on §341's predecessor, 85 O.S. §5, in his motion for summary judgment. Section 5, however, was superceded in 2011 when the Legislature replaced the Workers' Compensation Act with the Workers' Compensation Code. Thus, §5 was no longer in effect at the time of Fire Chief's October 2013 injury and is inapplicable to his claim. Section 341 was in effect from 2011 until it was repealed effective Feb. 2014, but was the statute in effect at the time of Fire Chief's injury in Oct. 2013. See Williams Cos., Inc v. Dunkelgod, 2012 OK 96, ¶14, 295 P.3d 1107 ("The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established, including . . . which law to use for determining benefits[.]"). The statutes are not substantively different for purposes of this appeal.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 130, 913 P.2d 684, 67 OBJ 958, Hoerman v. Western Heights Bd. of Educ.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1999 OK 89, 998 P.2d 603, 70 OBJ 3342, Hall v. Globe Life & Accident Insurance Co. of Oklahoma
Discussed
 2002 OK 60, 52 P.3d 1014, MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed
 2003 OK 42, 73 P.3d 840, BARNTHOUSE v. CITY OF EDMOND
Discussed
 2003 OK 53, 77 P.3d 581, EVERS v. FSF OVERLAKE ASSOCIATES
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2007 OK 38, 160 P.3d 959, LOWERY v. ECHOSTAR SATELLITE CORP.
Discussed
 2011 OK 89, 264 P.3d 1251, THOMPSON v. STATE ex rel. BD. OF TRUSTEES OF OKLA. PUBLIC EMPLOYEES RETIREMENT SYSTEM
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 49-109, Retirement for Disability - Restoration to Service - Disability or Death Not in Line of Duty - No Accrual of Service During Disability
Cited
 11 O.S. 29-104, Tenure of Office
Discussed
 11 O.S. 49-111, Temporary Sickness or Disability
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 341, Repealed
Discussed at Length
 85 O.S. 5, Repealed
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA